Marian M. Smiley v. Commissioner.
Smiley v. Commissioner
Docket No. 2170-63.
United States Tax Court
T.C. Memo 1964-138; 1964 Tax Ct. Memo LEXIS 196; 23 T.C.M. (CCH) 842; T.C.M. (RIA) 64138; May 18, 1964
*196 Marian M. Smiley, pro se, 1504 Linwood, Evansville, Ind. Thomas J. Young, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1961 in the amount of $150. The issue for decision is whether petitioner is entitled to deduct a loss in the amount of $750 which she sustained in 1961 upon the sale of a leasehold interest in property. Findings of Fact Petitioner who resides in Evansville, Indiana, filed an individual Federal income tax return for the calendar year 1961 with the district director of internal revenue at Indianapolis, Indiana. On June 9, 1958, petitioner purchased for $1,750 a leasehold estate in a property situated on a riverbank. The property was improved with a frame building containing one room approximately 12 by 14 feet and a porch approximately 6 by 12 feet. The leasehold was for 30 years. The building was referred to by petitioner as a "camp". In the particular area in which this camp was located the owners of the property along the river would not sell the property but had leased various pieces of property to individuals for construction *197 of camps. Petitioner's camp was situated on riverfront property with steps down to the river. There were two small lakes and an artificial lake near the camp. The camp was furnished, the furnishings including a stove and refrigerator. On the property leased there was an outside water pump and outside toilet near the cabin. The artificial lake near the cabin had resulted from a dam across the river, and on this lake was located a club called the Tristates Sportsmen Club. Prior to the time petitioner purchased the property she had heard that the Government was considering developing the area in which the camp was located into a resort type area, and she believed that the property would increase in value. The camp was located approximately 35 miles from Evansville, Indiana where petitioner was residing at the time she acquired the camp. She learned of the camp being for sale by reading an advertisement in an Evansville newspaper. Petitioner borrowed the entire purchase price of the camp from a small loan company in Evansville, Indiana. Petitioner purchased the camp with the idea that she would pay off the loan over the years, that the camp would increase in value, and that she would *198 sell the camp at an increased price at a later date and use the proceeds to assist in sending her son to college. In 1958 petitioner's son was 9 years old, and petitioner and her son lived in a 7-room house with petitioner's mother, father, and sister. For the first 3 months after petitioner purchased the camp she and her son spent every other weekend at the camp. Approximately 3 months after purchasing the camp, petitioner lost her job at Evansville, Indiana and obtained a similar job in Terre Haute, Indiana and moved there. After losing her job, petitioner refinanced her car in order to make the payments on the camp but made no attempt to sell the camp. She did attempt to rent the camp but was not successful in doing so except on a very few occasions, because of the difficulty in renting property of this type when she was not in Evansville. In 1961 petitioner sold the camp at a loss of $750 which she deducted on her income tax return for the year 1961. Respondent disallowed the claimed deduction. Ultimate Finding of Fact Petitioner's primary purpose in acquiring the leasehold interest in the camp was to sell this interest at a profit after the Government developed the *199 area in which the camp was located. Opinion The question here is one of fact. If, as respondent contends, petitioner acquired this camp primarily for the purpose of using it as a place to spend weekends with her son, the loss on the sale is a personal loss and not deductible. , affirmed (C.A. 2, 1962). This is true even though the taxpayer purchases the property with an expectation of making a profit on the sale of the property after it has served the personal purpose for which it was primarily acquired. . Where, however, a taxpayer purchases a piece of property primarily for the purpose of deriving a gain upon the sale thereof, if upon the sale a loss is incurred, such loss is deductible as a loss incurred in a transaction entered into for profit. . Cf. . In the instant case petitioner testified unequivocally that her intention in purchasing the camp was to derive a profit upon the sale thereof after the Government had developed the area for recreational *200 purposes. We believe petitioner's testimony. Not only was petitioner's demeanor as a witness such as to make her testimony quite persuasive but the other facts of record support petitioner's statements. If petitioner had, in fact, purchased the camp, as respondent contends, for a place to spend weekends with her son, it appears that she would have sold the camp when she lost her job and had to obtain employment in Terre Haute, Indiana. She did not sell the camp at that time but refinanced her automobile in order to be able to retain the camp. Respondent's primary arguments are based on statements which he contends petitioner made when she purchased and sold the camp and on statements he contends were made to petitioner by her son's doctor. Petitioner said if in fact she had stated when she purchased the camp, that she wanted it for herself and her son to spend weekends in, and when she sold it had told the purchaser that she had bought it at a time when her son was at an age where he needed to get away from his grandparents and have a place where he could pursue manly activities, such statements were merely made in general conversation and did not express what her true reasons *201 for purchasing the camp were. Petitioner was doubtful that she had even made the statements. Petitioner admitted that her son's doctor had suggested that it would be beneficial to her son if she and her son lived alone. She denied that he had suggested that she obtain a property similar to the camp. We hold that petitioner is entitled to deduct the $750 loss on the sale of the leasehold interest in the camp as a capital loss from a transaction entered into for profit. Decision will be entered for petitioner.